UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SALBINDER GADRI,

        Plaintiff,

        v.

DAVID N. STILL, et al.,

        Defendants.

_____/

No. C 07-0685 PJH

**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff's application for a temporary restraining order came on for hearing before this court on February 21, 2007. Plaintiff appeared by his counsel Jonathan M. Kaufman, and defendants appeared by their counsel Assistant United States Attorney Edward A. Olsen. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the application as follows and for the reasons stated at the hearing.

The standards for a temporary restraining order and for a preliminary injunction are substantially the same. Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001). The plaintiff must show (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). See Rodde v. Bonta, 357 F.3d 988, 994 (9th Cir. 2004). Alternatively, injunctive relief can be granted if the plaintiff merely "demonstrate[s] . . . a combination of probable success on the merits and the possibility of irreparable injury." Id.

This is an action filed under the Administrative Procedures Act, 5 U.S.C. § 701, et seq.  In the TRO application, plaintiff seeks an order directing defendant Michael Chertoff to "restore the status quo" as it existed when the complaint was filed.  In other words, he wants an order directing Chertoff to bring him back into the United States.  The court finds that the application must be denied because plaintiff has failed to establish that the court has jurisdiction under the APA to order defendants to return plaintiff to the United States.

Moreover, plaintiff has failed to establish the possibility of irreparable injury if preliminary relief is not granted.  The complaint seeks an order preventing defendants from removing plaintiff from the United States, but the TRO application was not filed until after plaintiff had been removed to Canada.  In addition, plaintiff claims irreparable injury based on his inability to attend a hearing before the Immigration Judge in San Francisco on February 20, 2007.  However, at the hearing, plaintiff's counsel stated that the February 20, 2007, hearing had been continued for six months.

Finally, as stated at the hearing, the court is not convinced that this action is properly before this court, and invites defendants to file a motion to dismiss.

**IT IS SO ORDERED.**

Dated: February 22, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge